IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ERIKA BAZEMORE,      *

         Plaintiff,      *

v.      *      Civil No. **PJM 18-264**

BEST BUY,      *

         Defendant.      *

## MEMORANDUM OPINION

*Pro se* Plaintiff Erika Bazemore has sued her employer, Best Buy Stores, L.P. (Best Buy), alleging a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"). Best Buy has filed a Motion to Dismiss the First Amended Complaint or, in the Alternative, for Summary Judgment. ECF No. 13. For the reasons that follow, the Court **GRANTS** Best Buy's Motion to Dismiss.

### I.      FACTUAL AND PROCEDURAL BACKGROUND

Bazemore is a female African-American employee of Best Buy. ECF No. 12 ¶ 1. She alleges that on February 5, 2017, she was standing in a small group of co-workers when one of them, Anne Creel, while eating a bag of mixed nuts and looking at Bazemore, asked the group "Do you know what these were called back in the day? Do you promise not to call HR on me?" And then she answered her own question, "Nigger tits!" *Id.* ¶ 2. Creel then allegedly burst out laughing. *Id.* Bazemore, after a period of silence, responded "okay" and walked away. *Id.*

The next day, Bazemore called Human Resources at Best Buy to report the incident. When asked why she did not report the matter as soon as it happened, Bazemore responded that she did not feel comfortable doing so at the time because Creel was close friends with the

1

General Manager, April Brewster. *Id.* ¶ 3. On February 9, 2017, Bazemore subsequently received a call from Colleen Hayes, a case worker from Best Buy's Employee Relations Department, who informed her that she would see that the matter was resolved. ECF No. 12 ¶ 4.

On February 20, 2017, Hayes again called Bazemore, stating that the case was closed and the matter resolved. *Id.* ¶ 5. Though Best Buy gave Creel a "Final Warning" write-up on February 8, 2017, which is considered a mid-level disciplinary action before termination, Bazemore was not made aware of this action until August 12, 2017. ECF No. 13-3 ¶ 9; ECF No. 12 ¶ 9. Bazemore never received an apology or acknowledgement of the incident from either Creel or Brewster. ECF No. 12 ¶ 7.

Bazemore alleges since then: Best Buy's "corporate department" and Brewster have been avoiding her; that she is constantly "on eggshells"; that she has to avoid both Creel and Brewster; and that she has suffered depression, anxiety, weight loss, stress, requiring psychological treatment. *Id.* ¶¶ 15, 17.

On March 28, 2017, Bazemore filed a claim with the Equal Employment Opportunity Commission (EEOC), alleging sex and racial discrimination and a hostile work environment. Best Buy responded to her charge of discrimination, but, on September 26, 2017, the EEOC issued a dismissal and notice of right to sue.

Bazemore then filed suit in the Circuit Court for Prince George's County, alleging a hostile work environment. Best Buy removed the case to this Court on January 26, 2018, adding a Motion to Dismiss or, in the Alternative, for Summary Judgment. On February 20, 2018, Bazemore filed the First Amended Complaint. On February 28, 2018, Best Buy filed the present Motion.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) prescribes "liberal pleading standards," requiring only that a plaintiff submit a "short and plain statement of the claim showing that [she] is entitled to relief." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (citing Fed. R. Civ. P. 8(a)(2)). To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a plaintiff must plead facts sufficient to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). But this standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a court will accept factual allegations as true, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Indeed, the court need not accept legal conclusions couched as factual allegations or "unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Markets, Inc. v. J.D. Associates Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000). Overall, the complaint must contain factual allegations sufficient to apprise a defendant of "what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted).

While federal courts are obliged to liberally construe a *pro se* litigant's claims in applying the above analysis, this requirement "does not transform the court into an advocate." *United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) (internal quotations and citations omitted). The Fourth Circuit has noted that "[w]hile *pro se* complaints may 'represent the work of an untutored hand requiring special judicial solicitude,' a district court is not required to recognize 'obscure or extravagant claims defying the most concerted efforts to unravel them.'" *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985)). Accordingly, although the facts alleged in a plaintiff's

3

complaint must be taken as true, bare conclusory statements "are not entitled to the assumption of truth." *Aziz v. Alcolac, Inc.*, 658 F.3d 388, 391 (4th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679)) (internal quotation marks omitted).

Under Rule 56(a), "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). This does not mean, however, that "*some* alleged factual dispute between the parties" defeats the motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986) (emphasis in original). Rather, "the requirement is that there be no *genuine* issue of *material* fact." *Id.* (emphasis in original).

### III. ANALYSIS

Title VII makes it unlawful for an employer "to discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). When the work environment is "permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment," Title VII is violated. *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993).

To establish a claim for a sex or race-based hostile work environment under Title VII, the plaintiff bears the burden of proving: (1) unwelcome conduct; (2) that is based on the plaintiff's sex and/or race; (3) which is sufficiently severe or pervasive to alter the plaintiff's conditions of employment and to create an abusive work environment; and (4) which is imputable to the employer. *See Okoli v. City Of Baltimore*, 648 F.3d 216, 220 (4th Cir. 2011).

4

Best Buy submits that the First Amended Complaint fails to allege facts to satisfy elements three and four. First, it argues that Creel's conduct was not sufficiently severe or pervasive to create an abusive work environment because Bazemore's claim rests on a single statement, with no allegation of negative job action taken against her, nor repeated conduct by any co-worker. According to Best Buy, this falls short of the repeated or egregious conduct needed to support a claim of harassment based on workplace hostility. ECF No. 13 at 5-6. In any event, Best Buy argues that Creel's conduct, even if sufficiently severe or pervasive, is not imputable to it because it took prompt and effective action in conjunction with its anti-harassment policy by investigating the incident as soon as it was aware of it, discussing it with Creel, and issuing her a written warning. *Id.* at 7.

In response, Bazemore says that the use of the slur by Creel was severe enough to constitute a hostile work environment. She also claims that Best Buy applied its anti-harassment policy inconsistently, arguing that write-ups are typically consequences for matters like "excessive tardiness or registers missing money, not racial slurs." ECF No. 12 ¶ 10. In fact, she claims, she can recall two instances when a Caucasian male and an Indian male, also working for Best Buy, used similar slurs and were fired for it. ECF No. 19 at 5. In Bazemore's view, this means that Best Buy's response to the reported conduct was not appropriate.

The Court need not reach the issue of whether Bazemore has properly pled conduct that was sufficiently severe or pervasive because her hostile work environment claim fails to allege sufficient facts to show that Creel's conduct is imputable to Best Buy. Bazemore's claim will be dismissed on these grounds.

Employers cannot be held liable for every action their employees take. *See Vance v. Ball State Univ.*, 570 U.S. 421, 428 (2013). If the harassing employee is not the victim's supervisor,

5

the employer is liable only if it was negligent in controlling working conditions. *Id* at 424. The First Amended Complaint does not allege Creel had any supervisory power over Bazemore, instead referring to her as a co-worker. ECF No. 12 ¶ 2. Therefore, Best Buy is only responsible for Creel's actions if it knew or should have known about the harassment and failed to stop or prevent it. *See Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 278 (4th Cir. 2015).

Bazemore has not alleged any facts to suggest that Best Buy knew about Creel harassing her and failed to stop it. In fact, the record reflects that Best Buy responded promptly to Bazemore's complaint and Creel's harassment ceased. While Bazemore may feel that Creel should have been terminated, there is no "correct" disciplinary action in this instance. To avoid liability, an employer is only required to take steps reasonably likely to stop the harassment. *E.E.O.C. v. Xerxes Corp.*, 639 F.3d 658, 674 (4th Cir. 2011). Thus, the written warning was sufficient for Best Buy to avoid liability, especially because it was reasonably prompt and did in fact stop the harassment. *See, e.g., Spicer v. Com. of Va., Dep't of Corr.*, 66 F.3d 705, 711 (4th Cir. 1995) ("[W]hen an employer's remedial response results in the cessation of the complained of conduct, liability must cease as well."); *Xerxes Corp.*, 639 F.3d at 670 ("A remedial action that effectively stops the harassment will be deemed adequate as a matter of law.") (citation omitted).

The fact that Bazemore alleges that past employees have used similar racial slurs and were fired as a result does not change the outcome. To start, these allegations are devoid of sufficient dates, detail, or context to compare the incidents. *See Xerxes Corp.*, 639 F.3d at 677. But even if they were comparable to the present case, they do not occasion the imposition of liability on Best Buy. It is undisputed that Creel was disciplined for her conduct. As long as

discipline is reasonably calculated to end the behavior, the exact nature of it lies at the discretion of the employer. *See id.* at 674.

Though Bazemore alleges that Creel made racial slurs against "Gypsies" both before and after the slur alleged in the instant action, this also does not advance her case. General allegations of racial slurs, without specific references to detail, context, date, or circumstances, are insufficient to establish a hostile work environment. *Id.* at 677 (holding a statement that an employee had used a racial slur "a bunch of different times" without providing context or a date could not establish a hostile work environment). Further, Bazemore fails to allege that this alleged prior conduct on Creel's part was reported to Best Buy or that Best Buy should have been aware of it. An employer cannot be expected to correct harassment by an employee's co-worker unless the employee makes a concerted effort to report the harassment to the employer. *Id.* at 674; *see also Howard v. Winter*, 446 F.3d 559, 567 (4th Cir. 2006) (noting that while an employer cannot turn a blind eye to harassing conduct, there is no requirement that it must exercise an "all-seeing omnipresence over the workplace."). Finally, Bazemore has not alleged that these alleged slurs were directed towards her, made in her presence, or in any way altered her employment. As already noted, Creel's harassing conduct towards Bazemore, insofar as it can be deemed legally harassing, ceased immediately after Best Buy responded to Bazemore's complaint.

## IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss (ECF No. 13) is **GRANTED**. The Amended Complaint (ECF No. 12) is **DISMISSED WITH PREJUDICE**.

7

A separate Order will **ISSUE**.

/s/
_____
**PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE**

**June 25, 2018**